**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HENRY HUSEYIN CUHADAR and GURHAN ERGEZER, individually and on behalf of all others similarly situated,** | § § § § | |
| ***Plaintiffs,*** | § § | |
| **v.** | § § | **No. 3:25-cv-00443-X** |
| **SAVOYA, LLC,** | § § § | |
| ***Defendant.*** | § § § | |

**DEFENDANT SAVOYA, LLC'S**
**ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Subject to its Partial Motion to Dismiss Under Rules 12(b)(1) (the "Partial Motion to Dismiss") and 12(b)(6) and Motion to Strike Plaintiffs' Rule 23 Class Action Allegations (the "Motion to Strike") filed herewith, Defendant Savoya, LLC ("Defendant" or "Savoya") submits this Answer to Plaintiffs' First Amended Class Action Complaint (the "Amended Complaint").[1]

**I.**
**NATURE OF ACTION**

1.      The allegations of the first four sentences of paragraph 1 of the Amended Complaint do not require a response because they only state the nature of the action or define terms as used by Plaintiffs throughout the Amended Complaint.  To the extent a response is required to such sentences, Savoya denies it is liable as alleged.  Savoya admits that certain corporate entities that contracted with Savoya employed drivers to work for such corporate entities.  Savoya denies any remaining allegations in paragraph 1 of the Amended Complaint.

---

[1] The headings in this Answer conform to the headings in Plaintiff's First Amended Class Action Complaint and are for navigational purposes only.  The headings are not an admission of any of Plaintiffs' allegations on behalf of Savoya.

2.      The allegations of paragraph 2 of the Complaint do not require a response because they only state the scope of the collective of individuals that Plaintiffs seek to certify under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  To the extent a response is required, Savoya denies that the Court should certify the collective action Plaintiffs request.

3.      The allegations of paragraph 3 of the Amended Complaint do not require a response because they only state the scope of the collective of individuals that Plaintiffs seek to certify under the FLSA.  To the extent a response is required, Savoya denies that the Court should certify the collective action Plaintiffs request.

4.      The allegations of paragraph 4 of the Amended Complaint do not require a response because they only state the scope of the class that Plaintiffs seek to certify under Federal Rule of Civil Procedure 23.  To the extent a response is required, Savoya denies that the Court should certify the class Plaintiffs request.  Savoya further requests that the Court dismiss the class allegations in its Motion to Strike and Partial Motion to Dismiss filed herewith.

5.      The allegations of paragraph 5 of the Amended Complaint do not require a response because they only state the scope of the subclass that Plaintiffs seek to certify under Federal Rule of Civil Procedure 23.  To the extent a response is required, Savoya denies that the Court should certify the subclass Plaintiffs request.  Savoya further requests that the Court dismiss the class allegations in its Motion to Strike and Partial Motion to Dismiss filed herewith.

6.      Savoya admits that Plaintiff Cuhadar provided black-car services through Savoya's technology platform through his corporate entity, HRC Enterprise Group ("HRC"), and that HRC employed or engaged Plaintiff Ergezer as a driver for HRC. Savoya admits that it had a contractual relationship with HRC. The remaining allegations in paragraph 6 of the Amended Complaint are too general and vague to provide information sufficient to form a belief as to truth of the allegations.  Accordingly, Defendant denies the remaining allegations in paragraph 6 of the

Amended Complaint.

7.      Savoya denies the allegations in paragraph 7 of the Amended Complaint.

8.      The allegations of paragraph 8 of the Amended Complaint do not require a response because they are legal conclusions or only state the nature of the action.  To the extent a response is required, Savoya denies it is liable as alleged and denies that this case is maintainable as a collective action under the FLSA.

9.      The allegations of paragraph 9 of the Amended Complaint do not require a response because they only state the nature of the action.  To the extent a response is required, Savoya denies it is liable as alleged and denies that this case is maintainable as a class action under Rule 23 or under the New York Labor Law ("NYLL").

10.     The allegations of paragraph 10 of the Amended Complaint do not require a response because they only state the nature of the action.  To the extent a response is required, Savoya denies it is liable as alleged and denies that the statute of limitations for potential putative opt-in plaintiffs should be tolled.

## II.
## JURISDICTION AND VENUE

11.     Savoya denies the underlying allegations of unlawful conduct in this case, but admits that this Court has subject-matter jurisdiction as alleged in paragraph 11 of the Amended Complaint.

12.     Savoya denies the allegations in paragraph 12 of the Amended Complaint for the reasons stated in its Partial Motion to Dismiss and Motion to Strike.

13.     Savoya denies the underlying allegations of unlawful conduct in this case, but admits that venue is proper in this District.

14.     Savoya denies the underlying allegations of unlawful conduct in this case, but

admits that its principal place of business is in Dallas, Texas, and that it has appeared in this case.

### III.
### PARTIES

15.    With respect to the first sentence in paragraph 15 of the Amended Complaint, Savoya lacks knowledge or information sufficient to form a belief about the truth of the allegations and denies the same on that ground.  Savoya denies the allegations in the second sentence of paragraph 15 of the Amended Complaint. Savoya denies the remaining allegations in paragraph 15 of the Amended Complaint and requests that the Court dismiss Plaintiffs' individual and class claims brought under the NYLL for the reasons stated in its Partial Motion to Dismiss and Motion to Strike filed herewith.

16.    Savoya admits that Plaintiff Cuhadar's corporate entity, HRC, employed or engaged Plaintiff Ergezer as a driver for HRC.  Savoya denies the remaining allegations in paragraph 16 of the Amended Complaint and requests that the Court dismiss Plaintiffs' individual and class claims brought under the NYLL for the reasons stated in its Partial Motion to Dismiss and Motion to Strike filed herewith.

17.    Savoya admits that it is a Delaware limited liability company with its principal place of business in Dallas, Texas.  Savoya denies the remaining allegations in paragraph 17 of the Amended Complaint.

18.    Savoya denies the allegations in paragraph 18 of the Amended Complaint.

### IV.
### FACTUAL ALLEGATIONS

19.    Savoya admits that it operates a technology platform that connects individuals or businesses that provide chauffeured limousine and luxury car transportation services with travelers seeking those transportation services in New York and across the United States.  Savoya admits that individuals or businesses providing chauffeured limousine and luxury car transportation

services through its technology platform are independent contractors. Savoya denies any remaining allegations in paragraph 19 of the Amended Complaint.

20.     Savoya denies the allegations in paragraph 20 of the Amended Complaint.

21.     Savoya admits that individuals or businesses providing services through its technology platform may accept or decline trips requested by travelers through the platform. Savoya denies any remaining allegations in paragraph 21 of the Amended Complaint.

22.     Savoya denies the allegations in paragraph 22 of the Amended Complaint.

23.     Savoya admits that individuals or businesses providing services through its technology platform provide and maintain their own vehicles. Savoya denies any remaining allegations in paragraph 23 of the Amended Complaint.

24.     Savoya denies the allegations in paragraph 24 of the Amended Complaint.

25.     Savoya denies the allegations in paragraph 25 of the Amended Complaint.

26.     Savoya denies the allegations in paragraph 26 of the Amended Complaint.

27.     Savoya admits that, during the alleged Collective Class Period and New York Class Period, individuals or businesses providing services through its technology platform were obligated to maintain certain policies of insurance as a condition to accessing Savoya's technology platform. Savoya denies any remaining allegations in paragraph 27 of the Amended Complaint.

28.     Savoya denies the allegations in paragraph 28 of the Amended Complaint.

29.     Savoya denies the allegations in paragraph 29 of the Amended Complaint.

30.     Savoya denies the allegations in paragraph 30 of the Amended Complaint.

31.     Savoya denies the allegations in paragraph 31 of the Amended Complaint.

32.     Savoya denies the allegations in paragraph 32 of the Amended Complaint.

33.     Savoya denies the allegations in paragraph 33 of the Amended Complaint.

34.     Savoya denies the allegations in paragraph 34 of the Amended Complaint.

35.    Savoya denies the allegations in paragraph 35 of the Amended Complaint.

36.    Savoya denies the allegations in paragraph 36 of the Amended Complaint.

37.    Savoya denies the allegations in paragraph 37 of the Amended Complaint.

38.    The allegations in paragraph 38 contain legal conclusions for which no response is required. To the extent a response is required, Savoya denies the allegations in paragraph 38 of the Complaint.

## V.
## COLLECTIVE ACTION ALLEGATIONS

39.    The allegations in paragraph 39 of the Amended Complaint do not require a response because they only state the scope of the collective action Plaintiffs seek to certify under the FLSA.  To the extent a response is required, Savoya denies that the Court should certify the collective action Plaintiffs request.

40.    Savoya denies the allegations in paragraph 40 of the Amended Complaint.

41.    Savoya denies the allegations in paragraph 41 of the Amended Complaint.

42.    Savoya denies the allegations in paragraph 42 of the Amended Complaint.

43.    Savoya denies the allegations in paragraph 43 of the Amended Complaint.

44.    Savoya denies the allegations in paragraph 33 of the Amended Complaint.

45.    Savoya denies the allegations in paragraph 45 of the Amended Complaint.

46.    Savoya denies the allegations in paragraph 46 of the Amended Complaint.

47.    Savoya denies the allegations in paragraph 47 of the Amended Complaint.

48.    Savoya denies the allegations in paragraph 48 of the Amended Complaint.

49.    The allegations in paragraph 49 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations in paragraph 49 of the Amended Complaint.

**VI.**
**CLASS ACTION ALLEGATIONS**

50.     Savoya incorporates by reference its responses to Paragraphs 1–49 of the Amended Complaint as if fully set forth herein.

51.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 51 of the Amended Complaint, Savoya denies that the Court should certify the class action that Plaintiffs request.

52.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 52 of the Amended Complaint, Savoya denies that the Court should certify the class action that Plaintiffs request.

53.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 53 of the Amended Complaint, Savoya denies that the Court should certify the class action that Plaintiffs request.

54.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 54 of the Amended Complaint, Savoya denies that the Court should certify the class action that Plaintiffs request.

55.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 55 of the Amended Complaint, Savoya denies that the Court should certify the class action that Plaintiffs request.

56.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 56 of the Amended Complaint, Savoya denies that the Court should certify the class action that Plaintiffs request.

57.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 57 of the Amended Complaint and its subparts, Savoya denies that the Court should certify the class action that Plaintiffs request.

58.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 58 of the Amended Complaint, Savoya denies that the Court should certify the class action that Plaintiffs request.

59.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 59 of the Amended Complaint, Savoya denies that the Court should certify the class

action that Plaintiffs request.

60.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required to paragraph 60 of the Amended Complaint, Savoya denies that the Court should certify the class action that Plaintiffs request.

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wage – FLSA**
**(Brought on behalf of Plaintiffs, the Collective Class, and the Collective Subclass)**

61.    Savoya incorporates by reference its responses to Paragraphs 1–60 of the Amended Complaint as if fully set forth herein.

62.    No response is required to the allegations in paragraph 62 of the Amended Complaint.  To the extent a response is required, Savoya denies that the Court should certify the collective action requested by Plaintiffs.

63.    The allegations in paragraph 63 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.  In addition, the FLSA, 29 U.S.C. § 203(e), speaks for itself, and any allegations regarding what 29 U.S.C. § 203(e) states that are contrary to the statute or misinterpret it are expressly denied.

64.    Savoya denies the allegations in paragraph 64 of the Amended Complaint.

65.    Savoya denies the allegations in paragraph 65 of the Amended Complaint.

66.    Savoya admits the allegations in paragraph 66 of the Amended Complaint.

67.    The allegations in paragraph 67 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.  In addition, the FLSA, 29 U.S.C. § 206, speaks for itself, and any allegations regarding what 29 U.S.C. § 206 states that are contrary to the statute or misinterpret it are expressly denied.

68.      Savoya admits that Plaintiffs used its platform to connect with individuals seeking chauffeured limousine and luxury car transportation services, but denies the remaining allegations of paragraph 68 of the Amended Complaint.

69.      Savoya denies that Plaintiffs were employed by Savoya and accordingly denies the allegations in paragraph 69 of the Amended Complaint.

70.      Savoya denies the allegations of paragraph 70 of the Amended Complaint.

71.      Savoya admits that Plaintiffs maintained certain business expenses to operate their own businesses. Savoya denies any remaining allegations in paragraph 71 of the Amended Complaint.

72.      Savoya admits that Plaintiffs maintained certain business expenses to operate their own businesses. Savoya denies any remaining allegations in paragraph 72 of the Amended Complaint.

73.      Savoya admits that Plaintiffs maintained certain business expenses to operate their own businesses.  Savoya denies any remaining allegations in paragraph 73 of the Amended Complaint.

74.      The allegations in paragraph 74 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.  In addition, the FLSA, 29 U.S.C. § 201 *et seq.*, speaks for itself, and any allegations regarding what 29 U.S.C. § 201 *et seq.* states that are contrary to the statute or misinterpret it are expressly denied.

75.      The allegations in paragraph 75 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.  In addition, the FLSA, 29 U.S.C. §§ 206 and 216(b), speak for themself, and any allegations regarding what 29 U.S.C. §§ 206 and 216(b) state that are contrary to the statute or misinterpret it are expressly denied.

76.    The allegations in paragraph 76 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.

77.    The allegations in paragraph 77 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wage – FLSA**
**(Brought on behalf of Plaintiffs, the Collective Class, and the Collective Subclass)**

78.    Savoya incorporates by reference its responses to Paragraphs 1–77 of the Amended Complaint as if fully set forth herein.

79.    The allegations in paragraph 79 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.  In addition, the FLSA, 29 U.S.C. § 207, speaks for itself, and any allegations regarding what 29 U.S.C. § 207 states that are contrary to the statute or misinterpret it are expressly denied.

80.    Savoya denies the allegations of paragraph 80 of the Amended Complaint.

81.    Savoya denies that Plaintiffs were employed by Savoya and accordingly denies the allegations in paragraph 81 of the Amended Complaint.

82.    Savoya denies the allegations of paragraph 82 of the Amended Complaint.

83.    Savoya admits that Plaintiffs maintained certain business expenses to operate their own businesses.  Savoya denies any remaining allegations in paragraph 83 of the Amended Complaint.

84.    Savoya denies the allegations of paragraph 84 of the Amended Complaint.

85.    The allegations in paragraph 85 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.  In addition, the FLSA, 29 U.S.C. § 201 *et seq.*, speaks for itself, and any allegations regarding what 29 U.S.C. § 201 *et seq.* states that are contrary to the statute or misinterpret it are expressly denied.

86.     The allegations in paragraph 86 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.  In addition, the FLSA, 29 U.S.C. §§ 207 and 216(b), speak for themself, and any allegations regarding what 29 U.S.C. §§ 207 and 216(b) state that are contrary to the statute or misinterpret it are expressly denied.

87.     The allegations in paragraph 87 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.

88.     The allegations in paragraph 88 contain legal conclusions for which no response is required.  To the extent a response is required, Savoya denies the allegations.  In addition, the FLSA, 29 U.S.C. § 216(b), speaks for itself, and any allegations regarding what 29 U.S.C. § 216(b) states that are contrary to the statute or misinterpret it are expressly denied.

**THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wage – NYSLL**
**(Brought on behalf of Plaintiffs, the New York Class, the New York Subclass)**

89.     Savoya incorporates by reference its responses to Paragraphs 1–88 of the Amended Complaint as if fully set forth herein.

90.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 90 of the Amended Complaint.

91.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 91 of the Amended Complaint.

92.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons

stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the

reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required,

Savoya denies the allegations in paragraph 92 of the Amended Complaint.

93.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons

stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the

reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required,

Savoya denies the allegations in paragraph 93 of the Amended Complaint.

94.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons

stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the

reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required,

Savoya denies the allegations in paragraph 94 of the Amended Complaint.

95.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons

stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the

reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required,

Savoya denies the allegations in paragraph 95 of the Amended Complaint.

96.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons

stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the

reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required,

Savoya denies the allegations in paragraph 96 of the Amended Complaint.

97.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons

stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the

reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required,

Savoya denies the allegations in paragraph 97 of the Amended Complaint.

98.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons

stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 98 of the Amended Complaint.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime – NYSLL**
**(Brought on behalf of Plaintiffs, the New York Class, the New York Subclass)**

99.    Savoya incorporates by reference its responses to Paragraphs 1–98 of the Amended Complaint as if fully set forth herein.

100.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 100 of the Amended Complaint.

101.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 101 of the Amended Complaint.

102.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 102 of the Amended Complaint.

103.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 103 of the Amended Complaint.

104.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons

stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith. To the extent a response is required, Savoya denies the allegations in paragraph 104 of the Amended Complaint.

105. Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith. To the extent a response is required, Savoya denies the allegations in paragraph 105 of the Amended Complaint.

**FIFTH CAUSE OF ACTION**
**Failure to Pay Spread of Hours Pay – NYSLL**
**(Brought on behalf of Plaintiffs, the New York Class, the New York Subclass)**

106. Savoya incorporates by reference its responses to Paragraphs 1–105 of the Amended Complaint as if fully set forth herein.

107. Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith. To the extent a response is required, Savoya denies the allegations in paragraph 107 of the Amended Complaint.

108. Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith. To the extent a response is required, Savoya denies the allegations in paragraph 108 of the Amended Complaint.

109. Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith. To the extent a response is required, Savoya denies the allegations in paragraph 108 of the Amended Complaint.

## SIXTH CAUSE OF ACTION
### Unlawful Deductions – NYSLL
### (Brought on behalf of Plaintiffs, the New York Class, the New York Subclass)

110.    Savoya incorporates by reference its responses to Paragraphs 1–109 of the Amended Complaint as if fully set forth herein.

111.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 111 of the Amended Complaint.

112.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 112 of the Amended Complaint.

113.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 113 of the Amended Complaint.

114.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 114 of the Amended Complaint.

115.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 115 of the Amended Complaint.

116.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 116 of the Amended Complaint.

117.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 117 of the Amended Complaint.

118.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 118 of the Amended Complaint.

**SEVENTH CAUSE OF ACTION**
**Notice and Recordkeeping Requirements – NYSLL**
**(Brought on behalf of Plaintiffs, the New York Class, the New York Subclass)**

119.    Savoya incorporates by reference its responses to Paragraphs 1–118 of the Amended Complaint as if fully set forth herein.

120.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 120 of the Amended Complaint.

121.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 121 of the Amended Complaint.

122.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 122 of the Amended Complaint.

123.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 123 of the Amended Complaint.

### EIGHTH CAUSE OF ACTION
**Failure to Provide Accurate Wage Statements – NYSLL**
**(Brought on behalf of Plaintiffs, the New York Class, the New York Subclass)**

124.     Savoya incorporates by reference its responses to Paragraphs 1–123 of the Amended Complaint as if fully set forth herein.

125.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 125 of the Amended Complaint.

126.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 126 of the Amended Complaint.

127.     Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 127 of the Amended Complaint.

128.    Savoya requests that the Court strike Plaintiffs' class allegations for the reasons stated in its Motion to Strike filed herewith and dismiss Plaintiffs' claims under the NYLL for the reasons stated in its Partial Motion to Dismiss filed herewith.  To the extent a response is required, Savoya denies the allegations in paragraph 128 of the Amended Complaint.

## VII.
## PRAYER FOR RELIEF

Savoya denies that Plaintiffs, individually and on behalf of other similarly situated, are entitled to any relief whatsoever, including but not limited to the Prayer for Relief, including subsections (A) through (K) on pages 31 and 32 of the Amended Complaint.

Any allegations to which Savoya has not previously specifically responded are denied.

## VIII.
## AFFIRMATIVE AND OTHER DEFENSES

1.    Subject to its Partial Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) and Motion to Strike filed herewith, any allegations in the Amended Complaint that are not specifically admitted above are denied.

2.    Plaintiffs, putative class members, and/or any opt-ins/claimants were independent contractors and, therefore, were exempt from the overtime provisions of the FLSA.

3.    Plaintiffs, putative class members, and/or any opt-ins/claimants were independent contractors and, therefore, were exempt from the overtime provisions of the NYLL.

4.    The Amended Complaint fails to state a claim upon which relief can be granted, in whole or in part, under the FLSA and NYLL.

5.    Plaintiffs lack standing to bring the claims asserted in the Amended Complaint, in whole or in part.  Specifically, Plaintiffs lack standing to bring the claims asserted in their Seventh and Eighth Causes of Action.

6.    The Complaint fails to comply with the requirements for proceedings as a class

**DEFENDANT SAVOYA, LLC'S ANSWER TO**
**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**                    **Page 19**

or collective action because the proposed putative class members are not similarly situated.

7.  Any act or omission in violation of the law that may be shown was not willful and was taken in good faith, without malice, and with reasonable grounds for believing that the act or omission was not a violation of the law.

8.  The claims of Plaintiffs, putative class members, and/or any opt-ins/claimants may be limited or barred in whole or in part by the applicable statute of limitations.

9.  Savoya asserts any matters of avoidance and affirmative defense particular to any opt-ins/claimants or putative collective or class members that may arise during the course of discovery, but which are not apparent at this time, including any offset to any claims for unpaid overtime.

10.  In the alternative, the claims of Plaintiffs, putative class members, and/or any opt-ins/claimants are barred by the taxicab exemption to the FLSA and NYLL.

11.  The claims of Plaintiffs, putative class members, and/or any opt-ins/claimants are limited or barred by waiver and estoppel.

12.  Defendant pleads the equitable right of offset against any amounts paid to Plaintiffs, putative class members, and/or any opt-ins/opt-outs/claimants in excess of what Savoya was legally required to pay. Defendant pleads the equitable right of contribution as to Plaintiff Cuhadar.

13.  The claims of Plaintiffs, putative class members, and/or any opt-ins/claimants are barred to the extent they seek recovery for time that is not compensable.

14.  The claims of Plaintiffs, putative class members, and/or any opt-ins/ claimants are barred as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

15.  The claims of certain putative class and/or collective members are barred by

arbitration agreements containing class/collective-action waivers.

16.    Defendant reserves the right to assert additional affirmative defenses as they become evident through discovery or investigation, in accordance with the Federal Rules of Civil Procedure and/or subsequent court order.

Respectfully submitted,

By: _/s/ David R. Schlottman_____
David R. Schlottman
Texas State Bar No. 24083807
dschlottman@jw.com
Shelisa E. Brock
Texas State Bar No. 24097420
sbrock@jw.com
Emily Norman
Texas State Bar No. 24132931
enorman@jw.com
Lauren Vogel
Texas State Bar No. 24114574
lvogel@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 - Fax

**ATTORNEYS FOR DEFENDANT
SAVOYA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 3, 2025, I electronically filed the foregoing document through the Electronic Case Filing System.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System who have appeared in the case.


Matthew R McCarley                          Bryan Schwartz
Forester Haynie PLLC                        Bryan Schwartz Law, P.C.
11300 N. Central Expressway, Suite 550      180 Grand Avenue Suite 1380
Dallas, TX  75243                           Oakland, CA  94612
*mccarley@foresterhaynie.com*               *bryan@bryanschwartzlaw.com*


                                            */s/ David R. Schlottman*
                                            David R. Schlottman